1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

*In re* Ex Parte Application of

APPLE INC.; APPLE RETAIL
GERMANY GMBH; and APPLE SALES
INTERNATIONAL,

Applicants,

For an Order Pursuant to 28 U.S.C.
§ 1782 Granting Leave to Obtain
Discovery from HTC Corporation and
HTC America, Inc. for Use in Foreign
Proceedings.

No.

[PROPOSED] ORDER GRANTING
APPLE'S EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO 28
U.S.C. § 1782 GRANTING LEAVE TO
OBTAIN DISCOVERY FOR USE IN
FOREIGN PROCEEDINGS

This matter comes before the Court on the *Ex Parte* Application of Apple Inc.;

Apple Retail Germany GmbH; and Apple Sales International ("Apple") for an Order to

Obtain Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782(a) (the

"Application"), which seeks leave to issue a document subpoena to HTC Corporation and

HTC America, Inc. (collectively "HTC") in connection with various foreign patent

litigations pending between Apple and Motorola, Inc., Motorola Mobility, Inc. and their

affiliates.

The Court, having fully considered the papers on file and submitted herewith,

and good cause appearing:

[PROPOSED] ORDER GRANTING APPLE'S EX
PARTE APPLICATION FOR LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
Page 1

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

**HEREBY GRANTS** the Application of Apple.

**IT IS HEREBY ORDERED THAT APPLE IS GRANTED LEAVE TO** issue a subpoena for documents in substantially the form attached as Exhibit A to this Order, directing HTC to produce the documents requested in the subpoena at the offices of counsel for Apple, Covington & Burling LLP, One Front Street, San Francisco, California or another location mutually agreeable to Apple and HTC.

It is further ORDERED that copies of the Application, all documents filed in support thereof and this Order shall be mailed to the following:

> HTC Corporation and HTC America, Inc.
> 13920 SE Eastgate Way, Suite 200
> Bellevue, Washington 98005
>
> Motorola, Inc., and Motorola Mobility, Inc.
> c/o Charles K. Verhoeven
> Quinn Emanuel Urquhart & Sullivan, LLP
> 50 California Street, 22nd Floor
> San Francisco, California 94111

**IT IS SO ORDERED.**

DATED: Feb. 14 , 2012

_____
UNITED STATES DISTRICT COURT JUDGE

Presented by:

YARMUTH WILSDON CALFO PLLC

By:   s/ Jeremy E. Roller
      Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA 98101
Telephone: 206.516.3800
Facsimile: 206.516.3888
Email: jroller@yarmuth.com

Attorneys for Applicants Apple Inc., Apple Retail
Germany GmbH, and Apple Sales International

[PROPOSED] ORDER GRANTING APPLE'S EX
PARTE APPLICATION FOR LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
Page 2
625.03 ma233506 1/24/12

# EXHIBIT A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| _____ *Plaintiff* | ) ) |
| v. | ) ) **Civil Action No.** |
| _____ *Defendant* | ) ) *(If the action is pending in another district. state where:* ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  HTC Corporation and HTC America, Inc.
      13920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005

   ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
   See Attachment A.

| Place:  Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111 | Date and Time: |
|---|---|

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

              *CLERK OF COURT*
                                            OR

   _____            _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Apple Inc.
_____ , who issues or requests this subpoena, are:

Jeremy E. Roller, Yarmuth Wilsdon Calfo PLLC, 818 Stewart Street, Suite 1400, Seattle, WA  98101
   (206) 516-3800

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*

◻ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

◻ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ for travel and $ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## ATTACHMENT A

**Definitions and Instructions**

1. "HTC," "You," or "Your" means HTC Corporation and HTC America, Inc. and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to HTC Corporation and HTC America, Inc.

2. Motorola means Motorola, Inc., Motorola Mobility, Inc., Motorola Mobility Germany GmbH, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

3. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

4. "Document" and/or "Thing" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

5. "Communication" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic communications, or any

document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

6. "Person" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

7. "Relating to" and "relate to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating or in any manner whatsoever pertaining to that subject.

8. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

9. "IPR" means intellectual property rights, including patents and patent applications, including without limitation European Patents Nos. EP 1 010 336 and EP 1 053 613.

10. "Wireless Standard" means cellular telecommunications standards or other wireless data communications standards, including, but not limited to, the following ETSI and 3GPP standards: (1) GSM; (2) GPRS; (3) EDGE; and (4) UMTS.

11. "Wireless IPR" means any IPR held by Motorola relating to any Wireless Standard.

12. "Essential Wireless IPR" means any Wireless IPR that has been declared to be essential to practice any Wireless Standard; that has been alleged to be essential to practice any Wireless Standard; or that is essential, technically or competitively, to practice any Wireless Standard.

13. Whenever you claim that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product or unanswerable in full for any reason, you should answer the request to the extent that the document or thing is not withheld on such grounds and provide, within ten (10) days after objections based on privilege to the underlying requests are due, a list providing the number of the

particular document or thing withheld, and the full identification of any withheld

document, thing, or portions there of including:

(1)    its date;

(2)    the author(s)/sender(s);

(3)    the recipient(s), including copy recipient(s);

(4)    the general subject matter of the document;

(5)    the specific grounds for not answering in full, including the nature of the privilege (e.g.", attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds; and

(6)    a certification that all elements of the claimed privilege have been met and not waived with respect to each document.

**Request for Documents and Things**

1. All documents that grant or granted, or purport or purported to grant, to HTC any rights, protections, or licenses in or to any Motorola IPR—including without limitation Motorola Wireless IPR, regardless of whether it is Essential Wireless IPR—that provide or provided a covenant not to sue relating to any Motorola IPR, or that otherwise authorize or authorized HTC to practice any Motorola IPR, including but not limited to all agreements, amendments, appendices, attachments, schedules, and addendums.

2. For each document produced in response to Request No. 1, all non-privileged Communications with Motorola relating to that document, including Communications regarding the negotiation of the document and any Communications regarding any efforts to terminate any rights, protections, licenses, covenants not to sue, or other authorization provided by the document.